UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-24290-MOORE/Elfenbein

**JUD IRELAND**,

      Plaintiff,

  v.

**SUSAN JOSEPHSON**,

      Defendant.

_____/

**REPORT AND RECOMMENDATION
ON MOTION FOR DEFAULT JUDGMENT**

      **THIS CAUSE** is before the Court on Plaintiff Jud Ireland's Motion for Default Final Judgment (the "Motion"). *See* ECF No. [12]. The Honorable K. Michael Moore referred the Motion to me "to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding Plaintiff's Motion for Default Judgment." *See* ECF No. [14]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [12]**, be **GRANTED**.

**I.      BACKGROUND[1]**

      This lawsuit arises out of a settlement agreement between Plaintiff Jud Ireland ("Plaintiff") and Defendant Susan Josephson ("Defendant"). *See* ECF No. [1]. On June 20, 2023

---

[1] The Court takes the facts in this section from the allegations in the Complaint, which by her default Defendant has admitted. *See, e.g.*, *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1298 (S.D. Fla. 2016) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact as set forth in the operative complaint." (quotation marks omitted)). The Court also takes the facts from the relevant contract, which Plaintiff referred to in the Complaint and filed with a declaration in support of the Motion. *See* ECF No. [12-1]; *ROOR v. Sanz Bros., LLC,* No. 16-CV-61429, 2018 WL 1881287, at *5 (S.D. Fla. Mar. 1, 2018), *R. & R. adopted*, No. 16-CV-61429, 2018 WL 1875621 (S.D. Fla. Mar. 7, 2018) (explaining that, based on Eleventh Circuit precedent, "a document need not be physically attached to a pleading to be

(the "Effective Date"), Plaintiff and Defendant entered into a Settlement Agreement (the "Agreement"). *See* ECF No. [1] at ¶7. Plaintiff had previously loaned $214,607.00 to Defendant on May 6, 2018, and an additional $40,000.00 on May 29, 2018. *See* ECF No. [12-1] at 5-6. In order "to avoid the costs, expenses and uncertainties of litigation," the Parties agreed to settle all claims between them relating to the repayment of the two loans referenced in the Agreement. *See* ECF No. [12-1] at 5. Pursuant to the terms of the Agreement, Defendant was responsible for repayment of the two loans and agreed to pay $310,000.00 plus accrued interest (the "Settlement Payment") to Plaintiff by June 20, 2024. *See* ECF No. [1] at ¶8; ECF No. [12-1] at 5. Specifically, the Settlement Payment would accrue interest at the rate of six percent per annum beginning on June 20, 2023 until the repayment was made in full.[2] *See* ECF No. [12] at ¶4; ECF No. [12-1] at 5. The Parties further agreed that Plaintiff "may sue [Defendant] to enforce this Agreement" and "collect the Settlement Payment plus interest and reasonable attorneys' fees and costs" and that Florida law governs the Agreement. *See* ECF No. [12-1] at 6.

In the Complaint, Plaintiff alleges that Defendant materially breached the Agreement because Defendant failed to pay the Settlement Payment by the Payment Date. *See* ECF No. [1] at ¶¶9, 14. Plaintiff further alleges that, as of the date the Complaint was filed, September 18,

---

incorporated by reference into it; if the document's contents are central to the plaintiff's claim, is referenced in the complaint and no party questions the authenticity of the document" (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2007)); *Transcendent Mktg. & Dev., LLC v. C & C Prop. Invs., LLC*, No. 23-CV-318, 2025 WL 687057, at *2 (S.D. Ga. Mar. 4, 2025) (stating that, on default judgment, a court may consider evidence presented in an affidavit or declaration).

[2] The Agreement contained an additional provision that indicated the Settlement Payment would accrue interest at a rate of six percent or eighteen percent per annum, at Plaintiff's discretion, if Plaintiff does not timely receive the funds. *See* ECF No. [12-1] at 5. However, it does not appear that the Parties mutually agreed on this provision because it was crossed out by hand. *See* ECF No. [12-1] at 5. Even if agreed upon, however, Plaintiff does not seek interest at the higher rate, limiting his interest computation instead to 6% per annum.

2025, Defendant "failed to pay any portion of the Settlement Payment" to Plaintiff.  *See* ECF No. [1] at ¶10.

Following the filing of the Complaint, Plaintiff served Defendant with the Summons and Complaint on September 23, 2025.  *See* ECF No. [8].  Accordingly, Defendant's response to the Complaint was due no later than October 14, 2025, but Defendant did not appear or otherwise defend this action.  As a result, Plaintiff obtained a Clerk's Default on October 16, 2025, *see* ECF No. [10], and thereafter moved for default judgment in the Motion, *see* ECF No. [12].  According to the Motion, as of November 3, 2025, Defendant owed Plaintiff $354,181.37, consisting of $310,000.00 in principal and $44,181.37 in accrued interest.  *See* ECF No. [12-1] at ¶4.  Plaintiff calculated the total by "multiplying the principal amount by the per annum interest rate, dividing that value by 365 days, and multiplying that value by 867 (the number of days that have elapsed since the Effective Date)."  *See* ECF No. [12-1] at ¶5.  The Motion is now ripe for review.

## II.    LEGAL STANDARDS

### A.  Default Judgment Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55 (a).  After the clerk enters a default, the Court is authorized to enter a final default judgment if the party seeking it applies for one.  *See* Fed. R. Civ. P. 55 (b)(2); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) ("When a defendant has failed to plead or defend, a district court may enter judgment by default.").

"A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact' as set forth in the operative complaint."  *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1298 (S.D. Fla. 2016) (quoting *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d

1298, 1307 (11th Cir. 2009)). But the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain*, 789 F.3d at 1245 (quotation marks omitted). And a defendant's default does not automatically permit the Court to enter a default judgment: "Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered." *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019); *see also Surtain*, 789 F.3d at 1245 ("Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." (quotation marks omitted)).

The Eleventh Circuit has "interpreted the standard" for evaluating whether a sufficient basis for default judgment exists "as being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Of course, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This plausibility standard is met 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Surtain*, 789 F.3d at 1245 (quoting *Iqbal*, 556 U.S. at 678).

**B. Breach of Contract**

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009); *see also Isaac Indus., Inc. v. Petroquimica de Venezuela, S.A.*, 676 F. Supp. 3d 1227, 1232 (S.D. Fla. 2023);

4

*Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008).  "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms."  *Vega*, 564 F.3d at 1272; *see also St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

A settlement agreement is a contract and is enforceable under Florida's general contract law.  *See Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987).  To enforce a settlement agreement, its terms must be specific, and the parties must mutually agree to every essential element.  *See Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002).  The party seeking to enforce a settlement agreement has the burden of proving the opposing party assented to the terms of the agreement.  *See Caroll v. Caroll*, 532 So. 2d 1109, 1109 (Fla. 4th DCA 1988).

## C.  Pre-judgment Interest

"In a diversity case, the district court must follow state law governing the award of interest."  *Gross v. Silverberg*, No. 11-CV-80210, 2012 WL 13129923, at *1, *3 (S.D. Fla. Mar. 16, 2012) (citing *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984)).  "Under Florida law . . . the general rule in contract cases is that the prevailing party receives prejudgment interest on its award."  *Gross*, 2012 WL 13129923, at *3 (quoting *Blasland Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1297 (11th Cir. 2002) (ellipsis in original)).

"In all cases where interest shall accrue without a special contract for the rate thereof, the rate is the rate provided in § 55.03."  Fla. Stat. § 687.01.  "A 'special contract' is an express provision that explicitly specifies an interest."  *Gross*, 2012 WL 13129923, at *3 (quoting *WPB Ltd. v. Supran*, 720 So. 2d 1091, 1092-93 (Fla. 1998)).

**D. Post-judgment Interest**

"In a diversity case, a district court shall apply the federal interest statute, 28 U.S.C. § 1961(a), rather than the state interest statute." *Id.* at \*4 (citing *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 (11th Cir. 1991)).  This means that plaintiffs are entitled to post-judgment interest under section 1961(a) on the entire judgment entered in this case.  *Id.* (citing *Bank South Leasing, Inc. v. Williams*, 778 F.2d 704, 706 (11th Cir. 1985) (per curiam)).

**III.    DISCUSSION**

As explained above, Plaintiff moved for default judgment against Defendant because she failed to make any payments due under the Agreement and has not responded to the Complaint. *See* ECF No. [12] at ¶¶ 5, 8.  For default judgment to be warranted, there must be a sufficient basis in the pleadings to support it.  *See Surtain*, 789 F.3d at 1245; *Chanel, Inc*, 362 F. Supp. 3d at 1259. There is a sufficient basis to support default judgment when the Complaint states a claim to relief that is plausible on its face.  *See Surtain*, 789 F.3d at 1245; *Chudasama*, 123 F.3d at 1370 n.41; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  And a claim is plausible on its face if it allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *See Surtain*, 789 F.3d at 1245; *Iqbal*, 556 U.S. at 678.

Here, the Complaint alleges a breach of contract.  *See* ECF No. [1] at ¶¶7-15; *Venus Concept USA, Inc.*, 2022 WL 3701553, at \*3; *Swan Landing Dev.*, 19 So. 3d at 1072.  To state a breach of contract claim under Florida law, Plaintiff must plead: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.  *See Vega*, 564 F.3d at 1272.  And to show the existence of a contract, there must be (1) an offer; (2) acceptance of that offer; (3) consideration in support of the contract; and (4) sufficient specification of the contract's essential terms.  *See id.*; *McIver*, 875 So. 2d at 381.  Plaintiff has done so.

6

As to the breach of contract claim against Defendant, Plaintiff alleges that on June 20, 2023, the parties entered into the Agreement.  *See* ECF No. [1] at ¶7.  The Agreement itself, which the Court can consider because Plaintiff refers to it in the Complaint and it is central to the claims, *see* ECF No. [1] at ¶1; *ROOR,* 2018 WL 1881287 at *5, confirms that allegation, *see* ECF No. [12-1] at 5-6.  Plaintiff further alleges, and the Agreement itself confirms, that Defendant agreed to pay the Settlement Payment to Plaintiff by the Payment Date.  *See* ECF No. [1] at ¶8; ECF No. [12-1] at 5.  Per the Agreement, the Settlement Payment included an interest rate of six percent per annum, and full satisfaction of the loans no later than June 20, 2024.  *See* ECF No. [1] at ¶8; ECF No. [12-1] at ¶2; ECF No. [12-1] at 5.

Plaintiff's allegations along with the Agreement are sufficient to establish the existence of a valid contract because she demonstrated that: (1) Plaintiff offered to resolve claims relating to two loans made to Defendant in the amounts of $214,607.00 and $40,000.00 by allowing the repayment to occur by the Payment Date; (2) Defendant accepted the terms of the Settlement Agreement; (3) both Parties agreed upon these terms because they wished "to avoid the costs, expenses and uncertainties of litigation" "relating to the repayment" of the two loans, further evidencing the consideration for the contract; and (4) the essential terms of the contract — including what interest rate applied when final payment was due — are sufficiently specific.  *See* ECF No. [1] at ¶¶7-10; ECF No. [12-1] at 5-6; *Vega*, 564 F.3d at 1272; *McIver*, 875 So. 2d at 381. The Agreement itself, which Defendant signed, confirms that Plaintiff and Defendant formed a contract with these terms.  *See* ECF No. [12-1] at 5-6.

These allegations are also sufficient to establish that Defendant breached the Agreement because she failed to pay any amount of money to Plaintiff to satisfy it.  *See* ECF No. [1] at ¶¶9-10; *Vega*, 564 F.3d at 1272.  And Plaintiff alleges that Defendant's failure to pay the required

amount under the Agreement caused him to sustain damages. *See* ECF No. [1] at ¶15. As made clear in the Complaint, to date, Plaintiff has not received any amount of the Settlement Payment, nor has he received any of the accrued interest Defendant promised to pay. *See* ECF No. [1] at ¶¶8-10. These allegations are sufficient to show Plaintiff incurred damages resulting from the breach. *See Vega*, 564 F.3d at 1272.

Regarding pre-judgment interest, Florida Statute § 55.03 does not apply here because the Agreement is a special contract. *See* ECF No. [12-1] at 5-6; *Gross*, 2012 WL 13129923, at *3 (quoting *WPB Ltd.*, 720 So. 2d at 1092-93). A rate of six percent per annum governs, rather than the statutory rate, since the Agreement explicitly specified that the Settlement Payment would begin to accrue interest at this rate on the Effective Date. *See* ECF No. [12-1] at 5-6. However, the federal interest statute, 28 U.S.C. § 1961(a), governs the post-judgment interest. *Gross*, 2012 WL 13129923, at *4 (citing *Ins. Co. of N. Am*, 937 F.2d at 572).

For these reasons, Plaintiff states a claim against Defendant for breach of contract that is plausible on its face. *See Surtain*, 789 F.3d at 1245; *Chudasama*, 123 F.3d at 1370 n.41; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Thus, Plaintiff has established a sufficient basis in the pleadings to support default judgment against Defendant in Count I. *See Surtain*, 789 F.3d at 1245; *Chanel, Inc*, 362 F. Supp. 3d at 1259.

## IV.     CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that:

1. Plaintiff's Motion for Default Final Judgment against Defendant, **ECF No. [12]**, be **GRANTED**;

2. A Final Default Judgment **BE ENTERED** in favor of Plaintiff and against Defendant under Rule 55(b) in the amount of $310,000.00, representing the unpaid principal, plus pre-

CASE NO. 25-CV-24290-MOORE/Elfenbein

judgment interest accruing at 6% per annum, which represents a daily rate of $50.96,[3] from the Effective Date until the date the judgment is entered;

3.  The Judgment accrue post-judgment interest at the statutory rate in 28 U.S.C. § 1961(a).

4.  The Court retain jurisdiction to determine the amount of reasonable attorney's fees and costs to which Plaintiff is entitled.

Pursuant to Local Magistrate Rule 4(b), the parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 10, 2026.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Susan Josephson**
422 Rialto Ave
Venice, CA 90291
PRO SE

---

[3] The daily interest rate is computed by multiplying the principal amount of $310,000 by the per annum interest rate of 6% and then dividing that number by 365 days.  To compute the pre-judgment interest amount, the daily rate should then be multiplied by the number of days that have elapsed from the Effective Date (June 20, 2023) until the date judgment is entered.

9